IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BEVERLY HILL and EDDIE RICKS**,
as Co-Administrators of the Estate of
**TIMOTHY JOHNSON, deceased,**

Plaintiffs,

v.  No. 13-0917-DRH

**MARK E. LUSTER, et al.,**

Defendants.

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is defendants' motion to dismiss and to strike (Doc. 19). Specifically, defendants Village of Cahokia, Kevin Phegley, Gary Brewer, Dane Luke, Shawn Hurt, Tom Carrico, Jeff Johnson, Joseph Angles, Jeremy Moyers, David Heine, Kathy Collins and James Jones move to dismiss and strike claims in the Second Amended Complaint. Plaintiffs oppose in part and agree in part to the motion (Doc. 37). Based on the following, the Court grants in part and denies in part the motion to dismiss and to strike.

On July 25, 2012, plaintiff Carolyn Kidd, as Independent Administrator of the Estate of Timothy Johnson, deceased, filed a complaint pursuant to the Illinois

Wrongful Death Act and the Illinois Survival Act against the Village of Cahokia in the St. Clair County, Illinois Circuit Court (Doc. 2-1). Thereafter, the Village of Cahokia moved to dismiss the complaint (Doc. 2-2). On April 1, 2013, the Circuit Court entered an order removing Kidd as Administrator and appointing Beverly Hill and Eddie Ricks as Co-Administrators of the Estate of Johnson. On August 19, 2013, Hill and Ricks filed an amended complaint in the Circuit Court asserting claims pursuant to 42 U.S.C. § 1983 and adding as defendants eleven employees of the Village of Cahokia police department: Officer Kevin Phegley, Lieutentant Gary Brewer, Office Dane Luke, Dispatcher Shawn Hunt, Dispatcher Tom Carrico, Dispatcher Jeff Johnson, Officer Joseph Agles, Officer Jeremy Moyers, Officer David Hine, Officer Kathy Collins, and Chief of Police James Jones (Doc. 2-3). Further, the amended complaint added state claims. Thereafter, the Village of Cahokia and the Village of Cahokia employees removed the case to this Court pursuant to 28 U.S.C. § 1331 (Doc. 2).

On September 27, 2013, plaintiffs filed a second amended complaint containing twenty seven counts and added state law claims against Mark Luster (Doc. 15). The second amended complaint alleges that on May 12, 2012, Johnson was a detainee of the Village of Cahokia's police department and that Luster, Johnson's cellmate, murdered Johnson. Counts I through XII are against the Village of Cahokia and the individual Village of Cahokia employees pursuant to 42 U.S.C. § 1983; Counts XIII through XXIV are against the Village of Cahokia and the individual Village of Cahokia employees for wilful wanton misconduct; and the

remaining Counts are against Mark Luster for common law assault/survival action; common law batter[sic]/survival action; and wrongful death.[1]

Subsequently, the Village of Cahokia and the Village of Cahokia employees filed the motion to dismiss and to strike (Docs. 19 & 20). Plaintiffs filed their response (Doc. 37). As the motion is ripe, the Court turns to address the merits.

## II. Motion to Dismiss and to Strike

Federal Rule of Civil Procedure 8(a)(2) imposes "two easy-to-clear hurdles" that a complaint must satisfy in order to survive a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6). *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)(quoting *EEOC v. Concentra Health Svcs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007)). First, a complaint must describe the plaintiff's claims and the grounds supporting them in "sufficient detail to give the defendants fair notice" of the claims alleged against them. This requires more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007).

Second, to survive a motion to dismiss, the court determines whether the well-pleaded allegations, if true, "plausibly suggest a right to relief, raising that possibility above a speculative level." *See Iqbal* 556 U.S. at 679; *Concentra,* 496 F.3d at 776. A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the

---

1 Plaintiffs' second amended complaint contains two counts that are labeled "Count XIV." It is apparent that the second "Count XIV" should have been marked Count XXIV. Further, the Court notes that the counts against Luster are also mismarked.

misconduct alleged. *See Iqbal,* 556 U.S. at 678. "The plausibility standard ... asks for more than a sheer possibility that a defendant acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 556 U.S. at 678 (internal quotation marks omitted). " 'Plausibility' in this context does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Rather, *Twombly* and *Iqbal* require "the plaintiff to 'provide some specific facts' to support the legal claims asserted in the complaint." *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). Though the "degree of specificity required is not easily quantified, ... 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.' " *Id.* (quoting *Swanson,* 614 F.3d at 404). If a complaint does not satisfy these two criteria, "the plaintiff pleads itself out of court." *Concentra,* 496 F.3d at 776. Accordingly, a motion to dismiss may be properly granted where the plaintiff does not allege a plausible entitlement to relief either by (1) failing to provide the defendant with notice of plausible claims against it or (2) asserting only speculative or conclusory allegations in the complaint.

Further, Rule 12(f) provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

    (1)   on its own; or
    (2)   on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

### III. <u>Analysis</u>

First, defendants argue that Counts XIII through XXIV should be dismissed with prejudice as the claims contained in these counts are barred by the Illinois Local Governmental and Governmental Employees Act ("Tort Immunity Act"), 745 ILCS 10/1 *et seq.* In response, plaintiffs agree that dismissal of these counts is proper (Doc. 37, p. 4). Thus, the Court grants this portion of the motion and dismisses with prejudice Counts XIII through XXIV (Count XXIV mislabeled as the second Count XIV).

Next, defendants argue that the Court should strike from the second amended complaint claims which are not available pursuant to 42 U.S.C. § 1983. Specifically, defendants maintain that plaintiffs' claims are not clearly pleaded and that the Court should strike from Counts I through XII claims that defendants violated Illinois Constitutional rights. Plaintiffs counter that their assertions that defendants violated the Illinois constitution are properly stated in these counts as these violations form the basis of the § 1983 claims. The Court agrees with plaintiffs. After reviewing the pleadings, the Court finds that plaintiffs have sufficiently plead § 1983 causes of actions in Counts I through XII. Thus, the Court denies the motion to strike as to this issue.

Lastly, defendants move to strike the request for punitive damages also contained in Counts I through XII as § 1983 claims do not allow for punitive damages from municipalities or municipal employees sued in their official capacities. Plaintiffs agree that punitive damages are not recoverable against a municipality and request leave to amend their pleadings to conform to the law. As to the individual defendants, plaintiffs argue that punitive damages may only be awarded under § 1983 when claims are brought against a defendant in individual capacity. Plaintiffs assert that it is their intention to bring claims against the Village of Cahokia employees in both their individual and official capacities and plaintiffs seek leave to amend their complaint to conform to the law on this issue as well. Thus, the Court grants the motion to strike the request for punitive damages as to the Village of Cahokia and the Village of Cahokia employees in their official capacities. However, the Court allows plaintiffs leave to amend their pleadings to state claims against the Village of Cahokia employees in both their official and individual capacities.

## IV. Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** defendants' motion to dismiss and to strike (Doc. 19). The Court **ALLOWS** plaintiffs up to and including May 2, 2014 to file an amended complaint that comports with this Memorandum and Order, the Federal Rules of Civil Procedure and the Local Rules of this Court.

**IT IS SO ORDERED.**

Signed this 2nd day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.02 11:35:31 -05'00'

**Chief Judge
United States District Court**